## Digasbarro v. Frick Coal Co.

Before Gibson, P. J., Carson and Cummins, JJ.

*Bloom & Bloom* and *Samuel Krimsly*, for claimant.

*Rufus S. Marriner* and *Reed, Smith, Shaw & Mc-Clay*, for defendants.

GIBSON, P. J., August 16, 1948.—Claimant was injured by an accident while he was engaged at work for defendant. This resulted for a time in total disability, during which he was paid the maximum workmen's compensation permitted by the Compensation Act. He never fully recovered his previous physical condition. After partial recovery, he was employed by defendant at lighter work at various times at reduced rates. At other periods total disability occurred. After this he returned to work, sweeping about the outside of the mine. Partial disability occurred by reason of his not having a full earning capacity. While employed in this work as a partially disabled person, he worked longer hours and did not enjoy the full benefit of the increase of pay which had been allotted to coal loaders for work which he performed previous to his injury.

Because of increased hours, a part being at premium rates, and a raise of wages applicable to his then em-

ployment, claimant received more wages after November 26, 1945, than his average weekly wage rate previous to the time he was injured.

After hearing, appeal and rehearing, and appeal to the board, the Workmen's Compensation Board finally determined and awarded compensation for certain designated periods, being total or partial according to the condition of claimant, to November 26, 1945, and from that time found that claimant suffered a 45 percent partial disability "which has not been reflected in a loss of earning power since that date", and from that date suspended compensation payments to continue as long as the employe continues to receive wages in a weekly amount which is equivalent to the wages received as of the time of the injury, or in the amount of $47.34, that being the average weekly wage of claimant prior to his injury.

An appeal is taken from this decision and we are asked to so construe The Workmen's Compensation Act and the various amendments that there will be reflected in any calculation the difference between what claimant would have earned, had he been physically sound, on the present wage scale as compared with his present earning power under his disability. Claimant asks that earning power be gauged by employment which he is able to perform during the same number of hours which he worked prior to his injury.

There appears to be an injustice in the method of calculation. The injuries suffered by claimant were serious and he is severely handicapped, but the powers of the workmen's compensation authorities and that of the courts on appeal are dependent wholly on those legislative provisions regarding compensation which the legislature of the Commonwealth has seen fit to enact.

The Workmen's Compensation Act of June 21, 1939, P. L. 520, governs this case. The method of determin-

ing average weekly wages is clearly designated by section 309, as amended (see page 540). The method of determining compensation for partial disability is specified under section 306 (see page 529). The provision is that for disability, partial in character, the compensation shall be 66⅔ percent of the difference between the wages of the injured employe as defined in section 309 *and the earning power of the employe thereafter*, with a maximum of $15 per week. The final sentence of this paragraph defines earning power in this way: "The term 'earning power,' as used in this section, shall in no case be less than the weekly amount which the employe receives after the accident."

This enactment clearly defines the minimum of earning power after the accident and leaves nothing for construction, because if the amount of wages received after the accident is equal to, or more than, the earnings received before the accident, there is no economic loss by reason of the injury. It is not unreasonable that the earning power of an injured employe should be deemed as not less than the amount he receives from his employment after his partial recovery. The injustice arises from the comparison with the earning capacity previous to his injury at the then wage rates and no allowance is made for increase in compensation for that type of employment during the interim and no regard is had for the amount of time employed in earning the two amounts which are used for comparison purposes.

The legislative enactment leaves us no opportunity to consider the increased hours of employment, or the increased wage scales whereby the partially disabled person now earns as much or more than he earned at the time of the accident when he was able-bodied.

It is the duty of the courts to construe and apply the law as it has been definitely and clearly enacted by the legislative authorities. The inequities appearing

in this case are for the legislature and not for the court.

And now, August 16, 1948, the appeal is dismissed at the cost of appellant.